CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
AUG 24 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| JASON C. WRIGHT, | ) | CASE NO. 4:11CV00004 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's January 14, 2008 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, it is RECOMMENDED that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g).

In a decision issued on January 29, 2010, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since August 29, 2007, his alleged disability onset date, and that he remained insured through September 30, 2011. (R. 20.) The Law Judge determined plaintiff's back and leg impairment resulting from a motor vehicle accident were severe impairments, but that he did not suffer a severe impairment or combination

of impairments which met or equaled a listed impairment. (R. 20, 22.) The Law Judge found that plaintiff retained the residual functional capacity ("RFC") to perform light work that involves sitting and/or standing for eight hours and standing and/or walking for four hours, in one-hour increments. (R. 23.) The Law Judge further found that plaintiff could lift up to twenty pounds frequently and twenty-five pounds occasionally. (*Id.*) The Law Judge determined that plaintiff was moderately limited in working around unprotected heights and moving machinery. (*Id.*) The Law Judge concluded that plaintiff's medically determinable impairments reasonably could be expected to cause his alleged symptoms, but that his statements and those of his witnesses concerning the intensity, persistence, and limiting effects of these symptoms were "not credible" to the extent they were inconsistent with the RFC finding. (R. 25.) The Law Judge determined that plaintiff's RFC precluded him from performing his past relevant work, but that a significant number of jobs exist in the national economy that he could perform. (R. 28.) Ultimately, the Law Judge found plaintiff was not disabled. (R. 30.)

Plaintiff appealed the Law Judge's January 29, 2010 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary

support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

During oral argument, plaintiff's counsel contended that the Law Judge's finding that plaintiff's mental impairments were not severe impairments is not supported by substantial evidence. A severe impairment is one which, either separately or in combination with another impairment, significantly limits the claimant's physical or mental ability to perform basic work activities[1]. 20 C.F.R. §§ 404.1520(c), 416.920(c). "[T]he severity hurdle is a fairly easy one to clear." *Carr v. Commissioner of Social Security*, No. 4:10CV00025, 2011 WL 1791647, at *9 (W.D.Va. May 11, 2011).

The Law Judge found that plaintiff's depression and anxiety, evaluated singularly or in combination, did not cause more than a minimal limitation in his ability to perform basic mental work activities. (R. 20.) Thus, he found that these conditions were non-severe[2]. (*Id.*) For the reasons that follow, the undersigned is of the view that this finding is not supported by substantial evidence.

---

[1] Basic work activities are the abilities and aptitudes necessary to do most jobs, including: physical functions such as sitting and standing; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervisors, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6).

[2] To be non-severe, an impairment must be more no more than "a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (4th Cir. 1984).

3

The record is replete with evidence irrefutably demonstrating that plaintiff suffered and was being treated for anxiety and depression. (R. 253, 260, 267, 269, 270, 271, 273, 274, 275, 276, 277, 280, 283, 307, 352, 354, 355, 357, 367, 483, 488, 489, 490, 496, 498, 500, 502, 505, 507, 509, 528, 529.) In summary, it cannot be disputed with a straight face that plaintiff has also been diagnosed with the following mental impairments: mood disorder NOS (R. 307), adjustment disorder (R. 267), bipolar disorder (R. 271), personality disorder (R. 275, 307), probable bipolar disorder (R. 282, 283), panic attacks (R. 489), and intermittent explosive disorder (R. 528, 529).

The limitations caused by plaintiff's mental impairments are also well-documented. For example, Julia J. Hall, a treating licensed clinical social worker,[3] testified at his hearing. (R. 55-64.) Hall saw plaintiff for the first time on August 15, 2009 and met with him six times prior to the hearing. (R. 57.) She opined that plaintiff does not have the skills necessary to relate appropriately to other people and cannot handle employment which requires him to relate to other people. (R. 61.)

During oral argument, plaintiff's counsel called the court's attention to the fact that plaintiff had submitted to the Appeals Council a medical note from psychiatrist Keshavpal Reddy, M.D. (R. 538.) In that hand-written note, Dr. Reddy confirmed the diagnoses of major

---

[3] As a licensed social worker, Hall is not an acceptable medical source who can provide evidence to establish an applicant's impairment. *See* 20 C.F.R. § 404.1513(a), 416.913(a). Even so, according to Social Security Ruling 06–03p, the opinions of treating non-acceptable medical sources are useful "to show the severity of the individual's impairment(s) and how it affects the individual's ability to function." The ruling acknowledges that "it may be appropriate to give more weight to the opinion of a medical source who is not an 'acceptable medical source' if he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion."

4

depressive disorder, recurrent, severe and post traumatic stress disorder, and he opined that, "In my opinion, he is unable to engage in gainful employment." (*Id.*) The Appeals Council denied review summarily finding that this evidence provided no basis upon which to change the Law Judge's decision. (R. 1-2.) Upon consideration of the myriad of diagnostic and treatment evidence in context with the observations made by plaintiff's licensed clinical social worker and the opinions of plaintiff's examining psychiatrist offered to the Appeals Council, the undersigned finds that the Commissioner's final decision that plaintiff does not suffer a severe mental impairment is not supported by substantial evidence. Frankly, the undersigned is at a loss to discern a basis for such a conclusion in light of the administrative record. [4]

Accordingly, it is RECOMMENDED that an Order enter GRANTING the plaintiff's motion for summary judgment, REVERSING the Commissioner's final decision and REMANDING the case to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g) to address the remaining questions posed by the regulatory sequential evaluation.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the

---

[4] The court need not reach the question of whether the evidence offered on judicial review constitutes good cause to remand. The extant record before the Appeals Council is sufficient to mandate reversal of the Commissioner's final decision and a remand of the case for further proceedings at the remaining stages of the sequential evaluation.

parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

August 24, 2011
Date